NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2025
_____

DENNIS C. O'BRIEN,

Appellant

v.

ARCHABBOT DOUGLAS NOWICKI;
JACK PERRY;
SAINT VINCENT ARCHABBEY,
an unincorporated association
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-11-cv-00979)
Honorable Terrence F. McVerry, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
December 13, 2012

BEFORE:  GREENAWAY, JR., GREENBERG, and COWEN, Circuit Judges

(Filed:  January 9, 2013)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal from an order of the District

Court entered on March 14, 2012, adopting a report and recommendation of a magistrate

judge dated January 27, 2012, as its opinion and granting defendants' motion to dismiss. Plaintiff, now appellant, Dennis C. O'Brien, a citizen of California, brought this action against Archabbot Douglas Nowicki, Jack Perry, and Saint Vincent Archabbey, citizens of Pennsylvania, in the District Court for the Northern District of California but that court transferred the action to the Western District of Pennsylvania. The case is predicated on O'Brien's allegation that from August 1966 until May 1970, a period in which he was a student at Saint Vincent Scholasticate, a boarding high school, in Latrobe, Pennsylvania, he was subjected to sexual abuse, the consequences of which still affect him. Though O'Brien does not seek a recovery on the basis of the alleged abuse he suffered as a student, he does seek damages on theories of negligence, recklessness and fraud in the implementation of a counseling and assistance program formulated by the Archabbey to assist persons who had been victims of sexual abuse in the Archabbey's operations. O'Brien included Perry as a defendant because he was the Archabbey's Delegate for Child Protection and became involved in O'Brien's case when he sought assistance from the program.

After the California district court transferred the case to the Western District of Pennsylvania, the District Court referred to a magistrate judge who considered and recommended granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the defendants, now appellees, had filed. In the magistrate judge's report and recommendation, she cited Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556-57, 127 S.Ct. 1955, 1965-66 (2007), and other cases for the point that a motion to dismiss under Rule 12(b)(6) must be granted if a complaint does not set forth a claim for relief that is

2

plausible on its face or does not allow a court to draw a reasonable inference that the defendant is liable for his alleged misconduct. The magistrate judge then went on to explain that O'Brien did not contend that defendants were liable for his abuse as a student, as any such claim would have been barred by the statute of limitations. Rather, he contended that they were liable for breach of a present duty for their actions in the implementation of their current assistance program in which he had participated.[1]

In the course of her report and recommendation the magistrate judge made the following astute observation:

> The Court observes the public policy considerations weighing strongly against imposing liability on private organizations electing to afford gratuitous assistance and/or remediation to alleged victims of otherwise time-barred wrongs. If by proffering a gratuitous, measured response an institution exposed itself to legal liability premised on second-guessing the nature of its investigation or remediation, the effect would be chilling, if not preclusive.

Sup. App. at 6.

Of course, the magistrate judge, in addition to setting forth the above policy considerations weighing against O'Brien's action, also carefully considered his claims on a strictly legal basis. Ultimately she concluded that defendants "owed (a) no general duty as to the claims alleged and (b) no particularized duties to [O'Brien] other than those arising from his attendance as a student forty (40) years ago – as to which the statute of limitations has long expired." Thus, she recommended that the District Court grant defendant's motion to dismiss.

---

[1] In his brief O'Brien agrees with the magistrate judge, that, if he made any direct claim for child abuse, the statute of limitations would have barred the claim.

The magistrate judge's report and recommendation was referred to the District Court and O'Brien filed timely objections to it. The Court, after considering the entire record, adopted the magistrate judge's report and recommendation as its own opinion and granted the motion to dismiss. This appeal followed. The District Court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291.[2] We exercise plenary review on this appeal.[3]

After our plenary review of this matter we are in full accord with the magistrate judge and thus, by extension, the District Court and have very little to add to their opinion.[4] See Nichole Med. Equip. & Supply, Inc. v. Tricenturion, Inc., 694 F.3d 340, 350 (3d Cir. 2012). We note, however, that regardless of how a counseling program is established it always would be possible to challenge aspects of it. Furthermore, we

---

[2] In point of fact O'Brien did not allege that he is a citizen of California and defendants are citizens of Pennsylvania. Rather, he pleaded that they were residents of their respective states. Of course, citizenship and residency are not synonymous. See Martinez v. Bynum, 461 U.S. 321, 338-39, 103 S.Ct. 1838, 1847-48 (1983). Thus, in view of our obligation to satisfy ourselves that the District Court had jurisdiction we would be justified if we dismissed this appeal and remanded the case to the District Court with instructions that it dismiss the action. See 28 U.S.C. § 1332; Emp'rs Ins. of Wausau v. Crown Cork & Seal Co., 905 F.2d 42, 45 (3d Cir. 1990). Nevertheless, we are not doing so as we are satisfied from our review of the case that the parties are citizens of their states of residence.

[3] We are surprised that O'Brien in his brief indicates that "[r]eview by the Court of Appeals is not a trial de novo. Appellant must demonstrate that the lower court decision was an obvious error, a misapplication of the law and/or an abuse of discretion." Appellant's br. at 8. Thus, he places a higher burden on himself than the cases require. Of course, we apply the correct standard of review on this appeal.

[4] O'Brien includes the following sentence in his brief. "He has attempted to be as clear and concise as possible and requests that the Court read the brief entirely and analyze the issues fully before rendering its decision." Appellant's br. at 1. Of course, the parties may be certain that we have done exactly that.

observe that O'Brien's participation in the program was entirely voluntary and he was free to withdraw from it at any time. Moreover, we reiterate and expand on the District Court opinion and point out that, if we permit this matter to proceed, institutions such as the Archabbey will be reluctant to establish programs such as that involved here and expose themselves to litigation with respect to the design or implementation of the programs.[5]

We make a final but important point. We recognize that institutions such as the Archabbey might establish a counseling program in the hope of avoiding litigation by diverting a potential claimant into the program. We, however, are not concerned with such a consideration in this case because O'Brien was permitted to participate in the program even though by his own admission he would not have been successful if he had brought an action for the sexual abuse he allegedly suffered as a student as his claim would have been barred by the statute of limitations.

For the foregoing reasons the order of March 14, 2012, will be affirmed.

---

[5] We are well aware that there have been many cases in which allegations similar to those that O'Brien makes with respect to child abuse have been made and we can take judicial notice of that circumstance. See Fed. R. Evid. 201. Indeed, we have dealt with such cases ourselves. See Elliot v. Archdiocese of New York, 682 F.3d 213 (3d Cir. 2012). Accordingly, O'Brien's underlying claim surely is not of an isolated nature. Thus, it is important that the courts not discourage implicated institutions from developing assistance and counseling programs.